OPINION
{¶ 1} Defendant-appellant, Eddy Encarnacion, appeals the decision of the Butler County Court of Common Pleas denying his motion to withdraw a guilty plea. We reverse the trial court's order.
 {¶ 2} On August 28, 2002, appellant was indicted for possession of cocaine. Appellant was in possession of some 1,218.3 grams of cocaine, a first-degree felony pursuant to R.C.2925.11(A). The grand jury indictment contained two additional specifications: that appellant was a major drug offender and that the $1,194 cash seized from his possession at the time of the arrest was subject to forfeiture.
 {¶ 3} Because appellant's primary language is Spanish, the trial court appointed an interpreter in January 2003. A jury trial began on March 25, 2003. However, before proceedings could continue on the second day, appellant changed his original plea to guilty. In exchange for this plea, the state offered to dismiss the major drug offender specification. The trial court held a colloquy with appellant in accordance with Crim.R. 11 prior to accepting the guilty plea. Appellant signed plea forms in English and Spanish.
 {¶ 4} At appellant's disposition hearing in June, his trial counsel withdrew from representation, and the court appointed substitute counsel. Under this substitute counsel, appellant moved to withdraw his guilty plea. A hearing on the motion was held on August 11, 2003, and the court denied the motion to withdraw. The court sentenced appellant to the mandatory 10-year prison term and $10,000 fine. Appellant was also ordered to forfeit the $1,194.
 {¶ 5} Appellant raises three assignments of error that shall be addressed out of order for purposes of clarity and relevance.
 {¶ 6} In appellant's second assignment of error, he argues that the trial court did not properly advise him of the consequences to his immigration status as a result of entering a guilty plea as required by R.C. 2943.031. Initially, we note that appellant failed to raise this issue in the trial court. Generally, an appellate court will not consider an error that was not called to the trial court's attention at a time when the trial court could have corrected the error or avoided it altogether. State v. Hill, 92 Ohio St.3d, 191, 196,2001-Ohio-141.
 {¶ 7} We therefore consider whether plain error exists.[1] Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule, itself, places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. First, there must be an error, i.e., a deviation from a legal rule. Hill at 200. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. State v. Sanders,92 Ohio St.3d 245, 257, 2001-Ohio-189. Third, the error must have affected "substantial rights." This means that the trial court's error must have affected the outcome of the trial. State v.Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
 {¶ 8} We acknowledge the discretionary aspect of Crim.R. 52(B) and the Ohio Supreme Court's admonition to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. Appellate courts should correct plain error "if the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" UnitedStates v. Olano (1993), 507 U.S. 725, 736 (quoting UnitedStates v. Atkinson [1936], 297 U.S. 157, 160). We find plain error in the trial court's decision to deny appellant's motion to withdraw the guilty plea.
 {¶ 9} We first consider whether there was an error in this case. R.C. 2943.031 requires informational warnings, consistent with the purpose of Crim.R. 11, be personally given to the defendant before entering a guilty plea. Specifically, the purpose is to ensure that a defendant enters a guilty plea knowingly, intelligently, and voluntarily. State v. Caudill
(1976), 48 Ohio St.2d 342. Accordingly, we begin with an examination of Crim. R. 11 to place R.C. 2943.031 into its proper context.
 {¶ 10} Crim.R. 11(C)(2) states:
 {¶ 11} "In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 15} A trial court must strictly comply with the provisions of Crim.R. 11 that relate to constitutional rights. State v.Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus. The trial court need only substantially comply with the requirements of Crim.R. 11 that involve the waiver of nonconstitutional rights. Id. at 476. Because the rights created by R.C. 2943.031 are nonconstitutional rights, a trial court is required to substantially comply with respect to notification of these rights and warnings. See State v. Badawi, Clermont App. No. CA2003-09-074, 2004-Ohio-4982; State v. Yanez,150 Ohio App.3d 510, 2002-Ohio-7076.
 {¶ 16} R.C. 2943.031 states in part:
 {¶ 17} "(A) [P]rior to accepting a plea of guilty * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 18} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 19} "* * *
 {¶ 20} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty * * * may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 21} During appellant's plea entry hearing, the trial court failed to advise appellant of all the effects of his guilty plea, instead only cautioning that "[his] being found guilty of a felony could be grounds for [his] deportation after [the] prison sentence."
 {¶ 22} As mentioned earlier, this court and others have recognized that trial courts need only substantially comply with the statute. The trial court was not required to read the statutory advisement verbatim. Badawi at ¶ 14. While trial courts may use language similar to, but not exactly the same as, the language provided in the statute, the fact remains that the statute describes three separate consequences for a noncitizen that might result from a guilty plea: 1) deportation; 2) exclusion from admission into the United States; and 3) denial of naturalization.
 {¶ 23} Neither the mention of deportation alone in the plea hearing, nor the signed plea agreement form wherein defendant acknowledges that he "understand[s] the consequences of a conviction upon [him] if [he is] not a U.S. citizen" substantially complies with the requirements described in R.C.2943.031. To maintain that these actions alone are sufficient for substantial compliance does not recognize the distinction between, or the severity of, each consequence. The statute itself explicitly enumerates the three naturalization status consequences in two places. See R.C. 2943.031(A); R.C.2943.031(D).
 {¶ 24} Turning to common, accepted meanings for "deportation," "exclusion" from admission, and denial of "naturalization," the terms convey distinct ideas. Webster's Third New International Dictionary (1981) defines deportation as "the removal from a country of an alien whose presence in the country is unlawful or is held to be prejudicial to the public welfare." Exclusion is defined as "refusal of entry into a country by immigration authorities." Naturalize is defined as "to confer the rights and privileges of a native subject or citizen on, admit to the rights and status of citizenship."
 {¶ 25} While naturalization, i.e., applying for United States citizenship is a readily understandable concept to most, further discussion of "deportation" and "exclusion" proves useful. The two ideas, as used by the United States Citizenship and Immigration Services, are very distinct. The Immigration and Nationality Act ("INA") provides statutory provisions that detail the reality that these are separate consequences to which a defendant may be exposed.
 {¶ 26} Section 212 of the INA describes the classes of aliens who are inadmissible, thus "ineligible to receive visas andineligible to be admitted to the United States." (Emphasis added.) Section 1182, Title 8, U.S.Code. Section 237, however, deals with aliens that are "in and admitted to the United States, [but] shall * * * be removed" (emphasis added) if they fall into a given category. Section 1227, Title 8, U.S.Code. In describing applicable removal proceedings, the INA treats deportation and exclusion as separate ideas under Section 1229a, Title 8, U.S.Code:
 {¶ 27} "(1) In general. An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability
of an alien.
 {¶ 28} "(2) Charges. An alien placed in proceedings under this section may be charged with any applicable ground ofinadmissibility under section 212(a) or any applicable ground of deportability under section 237(a)." (Emphasis added.)
 {¶ 29} When the trial court mentioned deportation as the lone, possible immigration consequence to appellant, the court deviated from the legal rule provided by R.C. 2943.031. This court finds there was not substantial compliance in the deficient advisement. To a noncitizen, the possible ramifications of an entered guilty plea are essential before making a knowing, intelligent, and voluntary plea. It is difficult to fathom a defendant could enter the plea "with an understanding of the maximum penalty involved" if the trial court does not tell him that the consequences include deportation and exclusion from admission and denial of naturalization.
 {¶ 30} Now, we address whether the error was an "obvious" defect in the trial proceedings and we find the trial court's failure to substantially comply with the statutory language was obvious. R.C. 2943.031(A) requires the trial court to "address the defendant personally" and "provide the advisement." The defect is plain when the statute's advisement provides a warning that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States" and the trial court only states that the guilty plea "could be grounds for [appellant's] deportation." While the language of the advisement need not be read verbatim, the substance of the advisement, specifically the three distinct and separate consequences of 1) deportation; 2) exclusion from admission; and 3) denial of naturalization, must be communicated to the defendant before accepting his plea.[2]
 {¶ 31} Finally, we must determine whether the error affected substantial rights, namely whether the plea would have otherwise been made. State v. Stewart (1977), 51 Ohio St.2d 86, 93. We find that the trial court's error prejudiced appellant when it accepted his guilty plea which was made after only a partial notification of consequences to which he was exposed. Being told that the guilty plea may be grounds for his deportation, appellant was not informed of the maximum penalty to which he could be subjected, including the exclusion from admission to the United States and the denial of future naturalization.
 {¶ 32} For the foregoing reasons, we find there was plain error when the trial court denied appellant's motion to withdraw his guilty plea and sustain appellant's second assignment or error. As such, appellant's first and third assignments of error are rendered moot.
Judgment reversed and cause remanded.
Young, P.J., and Walsh, J., concur.
[1] This court has previously held that the statute in question, R.C. 2943.031, provides an express remedy when a trial court fails to give the advisement set forth in R.C. 2943.031(A). See R.C. 2943.031(D); State v. Rodriguez, Butler App. No. CA2001-04-077, 2002-Ohio-3978 (if court fails to give warning, defendant should file a motion to set aside the judgment and withdraw the plea pursuant to R.C. 2943.031[D]). However, theRodriguez appeal did not include a plain error assignment of error nor did it consider whether plain error existed. We now examine this issue under the plain error analysis.
[2] As the Supreme Court of Ohio suggested in its discussion of Crim.R. 11 in State v. Nero (1990), 56 Ohio St.3d 106, 108, we find literal compliance with R.C. 2943.031 is the preferred practice.