JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Cruz Castillo ("Castillo"), challenges the judgment of the Cuyahoga County Common Pleas Court that accepted his guilty plea and, thereafter, denied his motion to withdraw his guilty plea without conducting an evidentiary hearing. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that Castillo was charged with (1) drug trafficking, in violation of R.C. 2925.03; (2) possession of drugs, in violation of R.C. 2925.11; and (3) possession of criminal tools, in violation of R.C. 2923.24. After amending the indictment to reflect a lesser quantity of drugs involved, Castillo pleaded guilty to the drug-trafficking and possession-of-drugs charges in exchange for an agreed concurrent sentence of two years on each offense. The state nolled the possession-of-criminal-tools charge.
 {¶ 3} Castillo was eventually sentenced as agreed.
 {¶ 4} Approximately five weeks later, Castillo moved to withdraw his plea, arguing that it was not entered in compliance with Crim.R. 11. The court denied the motion.
 {¶ 5} Castillo is now before this court and assigns two errors for our review.
 I. Withdrawal of Plea under Crim.R. 32.1 {¶ 6} In his first assignment of error, Castillo contends that the trial court erred when it denied his motion to withdraw his guilty plea under Crim.R. 32.1 without first conducting an evidentiary hearing.
 {¶ 7} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides, in relevant part:
 {¶ 8} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his * * * plea."
 {¶ 9} Castillo correctly states that a trial court is to freely and liberally grant a motion to withdraw a plea that is filed prior to sentencing. State v. Xie (1992),62 Ohio St.3d 521, 526. The standard is much more stringent, however, when the motion is filed after sentence is imposed, as the motion was in this case. In that event, the motion is granted only to correct "manifest injustice."
 {¶ 10} This court has defined "manifest injustice" as a "clear or openly unjust act." State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502, at ¶ 13. The Seventh District Court of Appeals referred to manifest injustice as "an extraordinary and fundamental flaw in the plea proceeding." State v. Lintner
(Sept. 21, 2001), 7th Dist. No. 732, 2001 Ohio App. Lexis 4267. Nonetheless, a motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Statev. Stumpf (1987), 32 Ohio St.3d 95, 104; State v. Smith
(1977), 49 Ohio St.2d 261, paragraph two of the syllabus.
 {¶ 11} We see no manifest injustice here. Although Castillo argues that he did not fully understand his rights and felt pressured into entering the plea, the transcript of the plea proceeding indicates otherwise. The trial judge repeatedly explained to Castillo that the court would have no discretion in sentencing him to less than a minimum eight-year sentence.
 {¶ 12} "THE COURT: Do you understand, if you are convicted, you would face a minimum/mandatory sentence of eight years on count one and two? Do you understand that?
 {¶ 13} "THE DEFENDANT: Yes.
 {¶ 14} "THE COURT: Which could be ran (sic) consecutive, and could go up to ten years. I mean, I'm not making any representations of what the Court would do. But I do want you to understand that this Court would have no discretion in lowering that sentence below eight years. It's a mandatory eight years.
 {¶ 15} "THE DEFENDANT: Mandatory?
 {¶ 16} "THE COURT: Yeah. It is mandatory. In other words, if you were convicted of either count one and two, you will go to prison for a minimum of eight years, of which this Court would have no discretion. There is no discretion. I will not have the ability to give you anything less. I would have the opportunity or the ability to give you something higher. But I certainly could not give you anything less than eight years. Do you understand that?
 {¶ 17} "THE DEFENDANT: Yeah.
 {¶ 18} "THE COURT: I could give you ten years for each count.
 {¶ 19} "THE DEFENDANT: You could give me ten years?
 {¶ 20} "THE COURT: I could. I am not saying, I would. I don't know what I would do, because I haven't heard the evidence, nor have I gotten a Presentence Investigation Report."
 {¶ 21} Castillo thereafter stated that he didn't understand and asked to confer with his counsel. After conferring with counsel, he expressed his desire to plead guilty to the amended indictment.
If Castillo pleaded to the indictment, as amended, he was to receive an agreed two-year concurrent prison term for both offenses. Addressing the court, Castillo's counsel stated:
 {¶ 22} "I have had discussions with [Castillo] today, and I have had discussions with him on other occasions. I have gone over his rights, and I have gone over with him the guilty plea as outlined by the prosecuting attorney. And he's agreed to enter a guilty plea to the charges as outlined."
 {¶ 23} The trial court thereafter addressed Castillo and asked if he had any questions regarding the plea agreement, to which he responded:
 {¶ 24} "I understand very well what he said. No matter what, I really got to go. I just don't care to be without my family for ten years. I will be fifty years old. I would really like to see my son as soon as possible to raise him the right way."
 {¶ 25} Asking Castillo, again, if he understood the terms of the plea agreement, the following colloquy took place:
 {¶ 26} "THE DEFENDANT: Well, they said two years. I will be gone for the straight two years?
 {¶ 27} "THE COURT: Yes. Just a straight two years.
 {¶ 28} "THE DEFENDANT: A straight two years?
 {¶ 29} "THE COURT: Yeah. No judicial release, and no shock probation.
 {¶ 30} "THE DEFENDANT: There is no way I could lessen that time?
 {¶ 31} "THE COURT: This is an agreed sentence. You're going to do two years under the plea agreement, or we're going to go to trial. And if you don't show up for trial — I mean for your sentencing in two weeks to get your affairs in order. If you don't show up, I will probably give you eight years. Do you have any other questions regarding the plea?
 {¶ 32} "THE DEFENDANT: No, I don't."
 {¶ 33} The trial judge thereafter inquired as to whether Castillo was under the influence of any drugs or alcohol or whether he was undergoing any psychiatric care. After being satisfied that Castillo was not, the court once again inquired of Castillo if he understood that he would plead to an agreed two-year sentence. Castillo, after being assured that it was no more than two years, responded that he understood.
 {¶ 34} The trial judge thereafter diligently made several inquiries of Castillo as to Castillo's understanding of the proceedings and the constitutional rights he was waiving by pleading guilty. Despite some initial confusion, Castillo consistently stated that he understood the import of his decision and that it was voluntary. The trial court afforded Castillo numerous opportunities to ask questions, and there was no indication that Castillo, who was represented by counsel, did not understand what was occurring or that he did overcome his initial confusion about the proceedings.
 {¶ 35} Castillo's first assignment of error is not well taken and is overruled.
 II. Withdrawal of Plea under R.C. 2943.031 {¶ 36} In his second assignment of error, Castillo contends that his plea was not knowingly, intelligently or voluntarily made because the trial court failed to address the issue of citizenship as is required by R.C. 2943.031.
 {¶ 37} R.C. 2943.031 governs the advice the trial court must render when accepting a plea of guilty or no contest from noncitizens. Subdivision (A), in particular, provides that prior to accepting a guilty plea from a non-citizen, the court shall advise the defendant of the potentially adverse effect a criminal conviction may have on his or her citizenship status. The statute provides, in relevant part:
 {¶ 38} "* * * Prior to accepting a plea of guilty * * * to an indictment * * * charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 39} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 40} Our review of the record indicates that the trial judge did not issue this advisement. Rather, the judge merely inquired into Castillo's citizenship status and thereafter advised him that he could be deported. The following colloquy took place:
 {¶ 41} "THE COURT: Are you a U.S. citizen?
 {¶ 42} "THE DEFENDANT: I have papers to stay in the United States, but I am not a legal citizen.
 {¶ 43} "THE COURT: You could be deported.
 {¶ 44} "THE DEFENDANT: Yeah, that's why I do not want to be deported, because of the drug case.
 {¶ 45} "THE COURT: Do you understand, you could be deported? Do you understand this?
 {¶ 46} "THE DEFENDANT: Yea, I understand that, sir."
 {¶ 47} Although this court, in State v. Quran, Cuyahoga App. No. 80701, 2002-Ohio-4917, concluded that the statute requires strict compliance and the failure to issue the advisement verbatim subjects a plea to vacation upon proper motion, the Ohio Supreme Court recently held otherwise in Statev. Francis, ___ Ohio St.3d ___, 2004-Ohio-6894. Despite acknowledging in its syllabus that the advisement contained in R.C. 2943.031(A) must be recited verbatim, the Francis court applied an abuse-of-discretion standard and held that a court does not abuse its discretion in denying a motion to withdraw a plea if the court can demonstrate substantial compliance with the statute's mandate. Id. at ¶ 46. According to the Francis
court, a court substantially complies with R.C. 2943.031(A) when it gives "some warning of immigration-related consequences" from which the defendant "`subjectively understands the implications of his plea and the rights he is waiving.'" Id. at ¶ 48. "Some warning" can be as abbreviated as advising the defendant that the plea "may affect" his or her rights to stay in this country.
 {¶ 48} Despite the conflicting language employed by theFrancis court, we find it unnecessary to engage in the analysis emanating from that decision because Castillo's motion to withdraw his plea was based on Crim.R. 32.1, not R.C. 2943.031. R.C. 2943.031(D) provides the mechanism for a non-citizen defendant to withdraw his guilty plea if the trial court did not issue the above advisement and provides:
 {¶ 49} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of [not guilty or] not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 50} Under this subsection, a trial court is required to set aside a conviction and allow the defendant to withdraw a guilty plea if, upon motion, the defendant establishes that (1) the court failed to provide the advisement described in the statute; (2) the advisement was required to be given; (3) the defendant is not a citizen of the United States; and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws. See State v.Weber (1997), 125 Ohio App.3d 120, 126; see, also, State v.Francis, 2004-Ohio-6894, at ¶ 60 (Moyer, C.J., dissenting).
 {¶ 51} In this case, however, Castillo filed a motion to withdraw his guilty plea according to Crim.R. 32.1, not R.C.2943.031. The Ninth Appellate District in, State v. Gegia,157 Ohio App.3d 112, 2004-Ohio-2124, held that a non-citizen defendant who premises a motion to vacate his guilty plea on Crim.R. 32.1 and not R.C. 2943.031 has waived that argument for purposes of appeal. Id. at ¶ 33. We, likewise, conclude that Castillo has waived this argument for purposes of appeal.
 {¶ 52} Although R.C. 2943.031 does not set forth a time limit on the filing of a motion to withdraw a guilty plea under R.C.2943.031, the Francis court found that the timeliness of a motion under this section is "one of many factors" a trial court should consider in determining whether to grant the motion.State v. Francis, 2004-Ohio-6894, at ¶ 40. Consequently, the remedy set forth in R.C. 2943.031(D) may yet be available to Castillo, notwithstanding the disposition of this appeal. SeeState v. Abi-Aazar, 149 Ohio App.3d 359, 366, 2002-Ohio-5026.
 {¶ 53} Castillo's second assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr, P.J., and Karpinski, J., concur.