JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Balmore Pineda appeals from the order of the trial court that denied his motion to withdraw his guilty plea to sexual battery. For the reasons set forth below, we affirm.
 {¶ 2} On January 12, 1994, defendant was indicted for one count of rape, in violation of R.C. 2907.02. On July 26, 1994, defendant and the State of Ohio entered into a plea agreement and the court apprised defendant of his rights as follows:
 {¶ 3} "THE COURT: You should be aware that if you are found guilty in this case, the information about this conviction would be sent to the immigration department and they could begin a proceeding to have you excluded.
 {¶ 4} "Do you understand that?
 {¶ 5} "THE DEFENDANT: I don't understand exactly. I am not a citizen and I got paper for be over here in the United States for all the time that I want. But I just have four years over here. I think I wait for two more years for get a resident over here.
 {¶ 6} "THE COURT: But if you are convicted, if you plead guilty today, the immigration department could move to have you deported.
 {¶ 7} "Do you understand that?
 {¶ 8} "THE DEFENDANT: Yes, I understand that."
 {¶ 9} Defendant subsequently pled guilty to sexual battery, in violation of R.C. 2907.03 and was sentenced to two years of imprisonment. The trial court suspended the sentence and placed defendant on probation for three years.
 {¶ 10} Defendant received a notice of deportation in January 1995. In March 1996, an immigration judge determined that defendant was excludable and subject to deportation to El Salvador. Defendant appealed but his appeal was later dismissed for failure to establish "past persecution or a well-founded fear of future persecution." Cf. I.N.S. v. Elias-Zacarias (1992),502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38.
 {¶ 11} On December 7, 2004, defendant filed a motion to withdraw his guilty plea pursuant to R.C. 2943.031. Defendant alleged that he had entered the United States in 1990 from El Salvador and was granted Temporary Protection Status ("TPS") from the Immigration and Naturalization Service ("INS") which, defendant claims, prevented him from being deported.
 {¶ 12} Defendant further asserted that he had relied upon the advice of his former counsel who opined that defendant could not be deported, and filed an application for suspension of deportation in 2000 through the Nicaraguan Adjustment and Central Relief Act ("NACARA"). Defendant has subsequently learned, however, that he is in fact not eligible for suspension of deportation under NACARA because he has been convicted of a felony of violence.
 {¶ 13} Finally, defendant asserted that the trial court did not comply with R.C. 2943.031, because it advised him only that the offense to which he pled guilty may have consequences of deportation, but failed to advise him of other consequences, including exclusion from admission to the United States, and denial of naturalization.
 {¶ 14} Defendant now appeals and assigns two interrelated errors for our review. Defendant's assignments of error state:
 {¶ 15} "The trial court erred when it denied Appellant's motion to withdraw his guilty plea where the trial court failed to substantially comply with R.C. 2943.031 and the delay in filing the motion was justified under the circumstances."
 {¶ 16} "The trial court erred by denying Appellant's motion without conducting an evidentiary hearing."
 {¶ 17} As an initial matter, we note that we review this matter for an abuse of discretion. State v. Francis,104 Ohio St.3d 490, 2004-Ohio-6894. However, the standards within R.C.2943.031, and not the manifest injustice standard of Crim.R. 32.1, guide the trial court's exercise of discretion. Id. Thus, the Francis Court explained:
 {¶ 18} "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of [R.C. 2943.031;] the trial court must exercise its discretion in determining whether the statutory conditions are met, [then] an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)."
 {¶ 19} R.C. 2943.031(A) provides that prior to accepting a plea of guilty or a plea of no contest to other than a minor misdemeanor charge, the court must address the defendant and provide the following advisement on the record:
 {¶ 20} "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 21} Pursuant to R.C. 2943.031(D), the court shall, on motion of the defendant, set aside the judgment and permit the defendant to withdraw a plea of guilty and enter a plea of not guilty if the court fails to provide the advisement.
 {¶ 22} Thus, for noncitizen criminal defendants, R.C.2943.031 takes the place of the manifest injustice requirement of Crim.R. 32.1 even if sentencing has already occurred, and effectively grafts an additional warning requirement onto Crim.R. 11(C)(2). State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894.
 {¶ 23} The Court in Francis cautioned, however, that the warning contained within R.C. 2943.031 is not constitutionally-based. As such, this aspect of the plea is reviewed not for strict compliance but for substantial compliance. Accordingly, a failure to recite the warning verbatim at the time of the plea is not error where substantial compliance is shown.
 {¶ 24} Defendant asserts that the court's pronouncements as to substantial compliance are mere dicta. We do not agree. Although the Francis Court held in paragraph one of the syllabus that the advisement contained in R.C. 2943.031(A) must be recited verbatim, the Court held in paragraph two of the syllabus that a "trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." AccordState v. Castillo, Cuyahoga App. No. 84143, 2005-Ohio-93, which noted that the Francis Court applied a substantial compliance standard, and a substantial compliance test to that matter.
 {¶ 25} Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. The defendant must also show a prejudicial effect, i.e., whether the plea would have otherwise been made. Id.
 {¶ 26} As to the issue of whether a motion has been timely filed, the Francis Court held that untimeliness is not a sufficient factor in and of itself to justify a trial court's decision to deny the motion. Rather, even considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered.
 {¶ 27} Finally, the Francis Court held that a trial court is vested with discretion as to whether a hearing is required. A hearing is not required where a journal entry or other documents of record adequately explain the court's reasoning.
 {¶ 28} In this matter, the trial court noted that it did not provide a verbatim recitation of R.C. 2943.031. Nonetheless, the court determined that the warning it provided substantially complied with the statute, as defendant's responses to the colloquy indicated that "he fully understood both the consequences of his plea and the ramifications upon his status as a non-citizen." Finally, the court remarked that it was unfair of defendant to "lurk for over a decade before raising this issue."
 {¶ 29} We find this record sufficient to explain the court's denial of the motion. Accordingly, we find no abuse of discretion in connection with the court's failure to hold a hearing on the motion. The second assignment of error is without merit.
 {¶ 30} We also find no abuse of discretion in connection with the denial of the motion. The court's explanation that "the information about this conviction would be sent to the immigration department and they could begin a proceeding to have you excluded" and that "the immigration department could move to have you deported" substantially comply with R.C. 2943.031. Moreover, defendant acknowledges that he entered into the plea not because of an inadequacy of the court's warning, but rather, because his former attorney mistakenly believed that a deportation order could be suspended by operation of NACARA. Finally, the immigration-related consequences of the plea were evident in 1995 when defendant received a notice of deportation. It was not until ten years thereafter that defendant filed his notice to withdraw the guilty plea. The first assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Corrigan, J., Concur.