JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio (the state) appeals the court's granting defendant Ingo Schlaf's (defendant) motion to withdraw guilty plea. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On June 25, 1997, defendant pled guilty to one count of drug possession in violation of R.C. 2925.11, a fifth degree felony, in Cuyahoga County Common Pleas Case No. CR-348869. As part of defendant's plea agreement, the state dismissed another drug possession charge against him in Case No. CR-352032. On July 29, 1997, the court sentenced defendant to two years of community control sanctions.
 {¶ 3} During appellant's plea hearing, the following colloquy took place:
 "THE COURT: Are you a citizen of the United States?
 THE DEFENDANT: No, sir, but I am a Vietnam vet, honorable discharge. I have been in America since 1960.
 THE COURT: But you are not a citizen of the United States?
 THE DEFENDANT: Well, I actually just never made out any citizenship papers.
 THE COURT: Where were you?
 THE DEFENDANT: West Germany, originally.
 THE COURT: West Germany. Do you understand that by entering into this plea to a felony in this case that you could be subject to the immigration authorities and possible deportation by *Page 4 way of a plea in this case?
 [DEFENSE Thank you, your honor. I have dis-
 COUNSEL]: cussed it with my client and we are ready to proceed.
 THE COURT: Okay. In summary, do you understand that by entering into this agreement you may be subject to action by immigration authorities including a possibility that you could be deported? Do you understand that?
 THE DEFENDANT: Yes, sir."
 {¶ 4} In January of 2005, defendant and his wife went on vacation to Costa Rica. Upon their return to the United States, defendant was detained in Houston, Texas because of his conviction in Case No. CR-348869. Defendant was allowed back into the country, however, according to his Record of Deportable/Inadmissible Alien, on April 7, 2005, he was "placed in immigration proceedings" by the federal government.
 {¶ 5} Appellant sought legal counsel regarding his immigration issues and was told that nothing could be done. Eventually, he retained present counsel, who on September 11, 2007, filed a motion to withdraw appellant's guilty plea, based on the court's "failure to give the statutorily required immigration warnings under R.C. 2943.031." On November 20, 2007, the court held a hearing on defendant's motion. On November 27, 2007, the court granted defendant's motion and reinstated the original indictment in Case No. CR-348869. It is from this order that the state appeals. *Page 5 
 II. {¶ 6} In the state's sole assignment of error, it argues that "the trial court erred and committed an abuse of discretion in granting the defendant's motion to withdraw guilty plea." Specifically, the state argues three points under this assignment of error: "the trial court (1) failed to consider the timeliness factor as required by law, (2) failed to correctly apply the substantial compliance test with respect to the R.C. 2943.031 deportation advisement at the time of the defendant's plea, and finally, (3) in granting the defendant's motion to withdraw, unlawfully failed to return the defendant to the position he was in prior to his guilty plea."
 {¶ 7} R.C. 2943.031 governs the court's accepting a guilty plea from a defendant who is not a United States citizen. Subsection (A) states in pertinent part as follows:
 "[P]rior to accepting a plea of guilty * * * to * * * a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 `If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 8} Additionally, R.C. 2943.031(D) states that the court shall permit a defendant to withdraw his or her guilty plea if the following apply:
 "[T]he court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, *Page 6 and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 9} In State v. Francis, 104 Ohio St.3d 490, 494, 2004-Ohio-6894, the Ohio Supreme Court discussed the appellate standard of review for motions to withdraw guilty pleas filed pursuant to R.C. 2943.031.
 "In most circumstances, motions to withdraw guilty or no contest pleas are subject to the standards of Crim. R. 32.1, which requires that after sentencing has occurred, a defendant must demonstrate `manifest injustice' before a trial court should permit withdrawal of the plea. However, an examination of R.C. 2943.031 in its entirety makes apparent the General Assembly's intent to free a noncitizen criminal defendant from the `manifest injustice' requirement of Crim. R. 32.1 and to substitute R.C. 2943.031(D)'s standards in its place. The General Assembly has apparently determined that due to the serious consequences of a criminal conviction on a noncitizen's status in this country, a trial court should give the R.C. 2943.031(A) warning, and that failure to do so should not be subject to the manifest-injustice standard even if sentencing has already occurred."
 {¶ 10} The Francis court also concluded that "[t]aken as a whole, R.C. 2943.031's emphasis is on the mechanical question of whether the defendant received the warning required by R.C. 2943.031(A)." Id. at 495. We review a court's decision on a motion to withdraw a guilty plea pursuant to R.C. 2943.031 under an abuse of discretion standard. Id.
Timeliness
 {¶ 11} In the instant case, the state's first argument concerns the timeliness of defendant's motion. The Francis court spoke of the timeliness issue regarding *Page 7 
R.C. 2943.031 motions, and concluded that "[t]imeliness of the motion is just one of the many factors the trial court should take into account when exercising its discretion in considering whether to grant the motion." However, the court also stated that the importance of the motion's timeliness will depend upon the particular facts of each case. "[I]n some cases, even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." Id. at 498.
 {¶ 12} In the instant case, defendant pled guilty on June 25, 1997; he had notice of potential deportation proceedings first on January 27, 2005 and again on April 7, 2005; and he filed his motion to withdraw plea on September 11, 2007. Taking Francis into consideration, we hold that the time frame within which defendant filed his motion to withdraw guilty plea, in and of itself, is not reason enough to support denying the motion.
Substantial compliance
 {¶ 13} We again turn to the Francis court for authority regarding defendant's second argument concerning substantial compliance with R.C. 2943.031(A). The
Francis court held at 499-500:
 "[I]f some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a recital of the verbatim R.C. 2943.031(A) statutory language, a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise *Page 8 its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A). `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.' State v. Nero, 56 Ohio St.3d at 108, 564 N.E.2d 474; see, also, Griggs, 103 Ohio St.3d 85, 2004 Ohio 4415, 814 N.E.2d 51, at P12. This specific determination is another factor that plays a role in the trial court's overall decision on whether to grant the motion."
 {¶ 14} A review of Ohio case law shows various plea colloquies which do not constitute substantial compliance under R.C. 2943.031. For example, in State v. Zuniga, Lake App. Nos. 2003-P-0082 and 2004-P-0002,2005-Ohio-2078, the Eleventh District Court of Appeals of Ohio held that the following language did not amount to substantial compliance: "Okay, a couple things, as a result of pleading guilty to a felony that you could be deported, you understand that?" The defendant replied, "Yes, sir." Additionally, in State v. Ouch, Franklin App. No. 06AP-488,2006-Ohio-6949, the Tenth District Court of Appeals found that "the record reflects that the trial court did not personally address defendant, provide the advisement to defendant, and inquire of defendant whether he understood the prospect of deportation, exclusion, or denial of naturalization," when the trial court stated the following at the plea hearing: "I need to tell him by pleading guilty and being found guilty that that may jeopardize his status in this country, and I want to make sure he understands that." See, also, State v. Khan, Montgomery App. No. 21718, 2007-Ohio-4208 (reversing the trial court's denial of defendant's motion to withdraw his *Page 9 
guilty plea based on the court's immigration warning of "[t]here may be implications through the Immigration and Naturalization Department. Do you understand that?").
 {¶ 15} In the instant case, defendant argues that he did not subjectively understand the implications of his plea. To support this argument, defendant points to the record to show that the court told him he could face the possibility of deportation, and failed to advise him at all regarding re-entry to, or naturalization in, the United States. Defendant submitted his affidavit to the court stating that "[a]t the time I appeared in Case No. CR 348869, based upon my previous experience, I firmly believed that the INS would take no action against me as a result of a plea of guilty; * * * At the time of my plea of guilty in Case No. CR 348869, my attorney never advised me and I was unaware of a change in the immigration laws of the United States, which made my deportation mandatory; if the court had advised me of the mandatory deportation which I would be subjected to as a result of my plea of guilty and conviction of a drug related offense in Case No. CR 348869, I would have consulted an attorney specializing in immigration matters for advice on whether or not my plea of guilty in said case would result in my deportation; if I had been aware of the immigration consequences of a plea of guilty in Case No. CR 348869, rather than my mistaken belief that nothing would occur as a result of that conviction, I would not have entered a plea of guilty, but, rather, would have maintained my plea of not guilty and gone to trial; * * *."
 {¶ 16} Accordingly, we must analyze whether an immigration warning is *Page 10 
statutorily sufficient when it mentions the possibility of deportation, but fails to mention denial of re-entry and/or naturalization.
 {¶ 17} The trial court noted the following at the hearing on defendant's motion to withdraw his guilty plea:
 "What does the state see wrong with — how should I put it — throwing some compassion to Mr. Schlaf's situation considering he hadn't lived in Germany since 1960?
 * * *
 "Can we focus our resources on — here. Apparently he committed a crime. He admitted that he did. I'm not saying that — I'm not approving of that by any means.
 * * *
 "Shouldn't we focus our resources on those known citizens who are true threats to our stability?
 * * *
 "What about — well, I think the idea is that the federal government has left no discretion in this area and that often times — maybe not often times, but sometimes an injustice can be worked if there is no opportunity for discretion whatsoever.
 * * *
 "The State, like the Court, should be interested in being fair and one wonders whether the penalty outweighs the offense if the penalty will be exclusion from the United States on a person who was apparently in the Army during the Vietnam war and apparently served in the National Guard."
 {¶ 18} The court also noted that defendant has lived in the United States since he was three years old; that he has no criminal record since pleading guilty in the *Page 11 
instant case; that he owns his own business in the Cleveland area; that he does not speak German; that he has no relatives living in Germany; and that his wife, child, and stepchildren are all United States citizens. The court found that the state would not be prejudiced if defendant's motion was granted because, although the physical evidence from defendant's two drug cases was stale, there was still testimonial evidence to present. After making these findings, the court granted defendant's motion.
 {¶ 19} Many immigrants to this country must find themselves in the same situation as appellant in this case who, having come to the United States, either were drafted or fought on this country's behalf in wars such as Vietnam. Some of them became "permanent residents" by perishing in the mire of that conflict. Others, of course, survived but were wounded in perhaps subtle ways. Does a grateful nation repay such sacrifice with mandatory deportation? Based upon the record in this case, the trial court obviously took into account all the factors necessary to come to a just decision.
 {¶ 20} Taking the unique facts of this case into consideration, we conclude that the court did not abuse its discretion when it found that the immigration warning at the plea hearing did not substantially comply with R.C. 2943.031.
Failure to reinstate both indictments
 {¶ 21} In the instant case, the state argues that the trial court abused its discretion when it failed to return defendant to the position he was in prior to the *Page 12 
plea. It its November 27, 2007 journal entry granting defendant's motion, the court stated as follows: "It is the court's intention to vacate the concomitant dismissal in CR 352032, but an entry reinstating that case will only be made if the state does not appeal this ruling."
 {¶ 22} The court acknowledged that it was failing to reinstate both indictments pending this appeal, and while this is somewhat unconventional, we cannot say that it amounts to an abuse of discretion.
Judgment affirmed.
It is ordered that appellee recover of said appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1