JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The State of Ohio appeals from the trial court's judgment granting defendant-appellee George Naoum's motion to withdraw his plea. We affirm.
 {¶ 2} Naoum, a citizen of Lebanon, has been a permanent resident of the United States since 1968. In 1996, Naoum pled guilty to an amended count of drug abuse in Case No. CR-332439 and an amended count of drug abuse in Case No. CR-334999. During the plea hearing, the following colloquy took place:
 {¶ 3} "THE COURT: Are you entering this plea voluntarily, knowingly and intelligently:
 {¶ 4} "THE DEFENDANT: Yes, Your Honor.
 {¶ 5} "THE COURT: Are you an American citizen? Were you born here?
 {¶ 6} "THE DEFENDANT: No, Your Honor. I am not.
 {¶ 7} "THE COURT: Are you a citizen?
 {¶ 8} "THE DEFENDANT: No, I am not.
 {¶ 9} "THE COURT: This might affect your citizenship as well. The fact of the matter is, the Department of Immigration may well look at this, two drug cases, can look at this and that could result in some ramifications by way of deportation. I don't control that, I just want you to know up front that is a possibility; do you understand that?
 {¶ 10} "THE DEFENDANT: Yes, Your Honor. I have a green card. I'm sorry. *Page 4 
 {¶ 11} "THE COURT: What is your status, you have a visa?
 {¶ 12} "THE DEFENDANT: Permanent green card.
 {¶ 13} "THE COURT: You are not a citizen?
 {¶ 14} "THE DEFENDANT: No, sir.
 {¶ 15} "THE COURT: That's something you are going to have to work out.
 {¶ 16} "THE DEFENDANT: Yes, Your Honor."
 {¶ 17} The trial court accepted Naoum's plea. It sentenced him to an aggregate sentence of three years in both cases, suspended execution of the prison term, and imposed a two-year period of probation.
 {¶ 18} On June 2, 2006, Naoum filed a motion to withdraw his plea. He contended that the trial court had failed to advise him, as required by R.C. 2943.031, that his plea could result in his exclusion from the United States. In addition, Naoum argued that his plea should be vacated pursuant to Crim. R. 32.1 because it was not knowingly, intelligently, or voluntarily made, as he did not understand all the immigration-related consequences of his plea. After a hearing, the trial court granted Naoum's motion as "well taken." The court did not specify whether it was allowing Naoum to withdraw his plea pursuant to Crim. R. 32.1 or because the trial court had not complied with R.C. 2943.031.
 {¶ 19} The State contends that the trial court abused its discretion in granting Naoum's motion because the motion was untimely and the trial court substantially complied with the advisory requirements of R.C. 2943.031. It *Page 5 
further contends that the trial court erred if it granted the motion under Crim. R. 32.1, because a motion to withdraw the plea and an appeal from the denial of the motion are the exclusive remedies when a defendant asserts that the trial court failed to adequately advise him under R.C. 2943.031.
 {¶ 20} Under R.C. 2943.031, when a trial court accepts a guilty plea from one who is not a citizen of the United States, it must warn the defendant that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 21} The Ohio Supreme Court has recognized that a trial court is not required to read the statutory requirement verbatim and substantial compliance with the statutory requirements is acceptable. State v.Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 46; State v. Pineda, 8th Dist. No. 86116, 2005-Ohio-6386, ¶ 23. "`Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *** The test is whether the plea would have otherwise been made.'" Francis, supra, ¶ 48, quoting State v. Nero,56 Ohio St.3d 106, 110.
 {¶ 22} We review the trial court's decision on the motion under an abuse of discretion standard in light of R.C. 2943.031(D), which provides that upon the defendant's motion, the trial court "shall" set aside the judgment and permit the *Page 6 
defendant to withdraw the plea, if the court failed to provide the required advisement, and the defendant shows that he is not a citizen of the United States and that his plea may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization under the laws of the United States. Francis, supra, ¶ 36; Pineda, supra, ¶¶ 17-18.
 {¶ 23} In his motion to withdraw his plea, Naoum argued that the trial court had failed to advise him, as required by R.C. 2943.031, that his plea could subject him to exclusion from admission to the United States. We agree that the trial court's advisement in this case did not constitute substantial compliance with the requirements of R.C. 2943.031. Substantial compliance is not met when only 2/3 of the advisement is given. Although the trial court need not use the exact language set forth in the statute, the statute is clear that the trial court must advise the non-citizen defendant of three separate consequences that might result from a guilty plea: 1) deportation; 2) exclusion from admission into the United States; and 3) denial of naturalization. State v. Encarnacion, 12th Dist. No. CA2003-09-225, 2004-Ohio-7043, ¶ 22. It is apparent that the trial court's colloquy with Naoum, as set forth above, did not advise him that he could be subject to exclusion from admission into the United States.
 {¶ 24} Under these circumstances, where the statutory conditions are clearly not met, we cannot, as the State urges, find substantial compliance with the statute. Naoum did not receive the warnings required by R.C. 2943.031(A) *Page 7 
before he entered his plea. Without the required explanation, Naoum could not and did not understand the ramifications upon his status as a non-citizen. Indeed, as his affidavit makes clear, if he had been advised that his plea subjected him to possible exclusion from admission to the United States, he would not have pled guilty.
 {¶ 25} Nor do we find Naoum's motion to withdraw his plea untimely, despite the fact that it was filed some ten years after his plea. Untimeliness is not a sufficient factor in and of itself to justify a trial court's decision to deny the motion. Francis, supra, ¶ 41;Pineda, supra, ¶ 26. Even considerable delay in filing the motion to withdraw does not support a decision to deny the motion where the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered. Id. Here, Naoum averred that he only discovered the adverse immigration consequences of his plea after consulting with immigration counsel about renewing his ten-year permanent resident status in the United States. He filed his motion to withdraw his plea and vacate his conviction immediately thereafter. Thus, the time elapsed between entering the plea and filing the motion does not adversely impact his motion. SeeState v. Schlaf, 8th Dist. No. 90825, 2008-Ohio-6151.
 {¶ 26} Finally, we reject the State's argument that the trial court could not have granted Naoum's motion under Crim. R. 32.1. R.C. 2932.031(F) specifically provides that "[n]othing in this section shall be construed as preventing a court, *Page 8 
in the sound exercise of its discretion pursuant to Criminal Rule 32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea." The Francis court specifically cited this section of the statute and stated, "[t]aken as a whole, R.C. 2943.031's emphasis is on the mechanical question of whether the defendant received the warning required by R.C. 2943.031(A). Issues regarding the defendant's subjective understanding of the rights he or she was relinquishing and the effects of entering the plea under Crim. R. 11(C) are resolved through resort to both that rule and R.C. 2943.031, regarding the immigration-related consequences. See R.C. 2943.031(F)." Id., ¶ 30.
 {¶ 27} Thus, a defendant's contention that the trial court failed to comply with the advisory requirements of R.C. 2943.031 is addressed by a motion to withdraw the plea in the trial court and an appeal from a denial of the motion. Under R.C. 2943.031(F), however, a defendant may move to withdraw his plea under Crim. R. 32.1 if the trial court's failure to properly advise him pursuant to R.C. 2943.031 resulted in a manifest injustice such that he did not understand the immigration-related consequences of his plea. State v. Garmendia, 2nd Dist. No. 2002-CA-18, 2003-Ohio-3769; State v.Rodriguez, 12th Dist. No. CA 2001-04-077, 2002-Ohio-3978; and State ex rel. Suster (2004), 101 Ohio St.3d 212, cited by the State in support of its argument, stand for the proposition that a defendant may not raise a violation of R.C. 2943.031 for the first time on direct appeal, not *Page 9 
for the proposition that a defendant may never file a motion to withdraw the plea pursuant to Crim. R. 32.1 if he did not understand the immigration-related consequences of his plea.
 {¶ 28} The trial court did not abuse its discretion in granting Naoum's motion to withdraw his plea; therefore, appellant's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1