[Cite as *State v. Tejeda*, 2011-Ohio-4960.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
### No. 96518

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ENGER TEJEDA

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-371948

BEFORE:  Celebrezze, P.J., Rocco, J., and Keough, J.

RELEASED AND JOURNALIZED:  September 29, 2011

**ATTORNEY FOR APPELLANT**

Guy D. Rutherford
614 West Superior Avenue
Suite 940
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}   Appellant, Enger Tejeda, appeals the denial of his motion to withdraw his 1999 guilty plea to one count of attempted drug possession.  He argues that he was not properly advised of the possible immigration consequences before pleading guilty.   After a thorough review of the record and law, we affirm.

{¶ 2}   Appellant immigrated to the United States from the Dominican Republic in 1994.  In 1998, he was charged with drug possession, drug trafficking, and possession of criminal tools — stemming from his arrest with five small bags of heroin.  A plea deal was reached where appellant agreed to plead guilty to one count of attempted possession of drugs, and the remaining counts would be dismissed.  On July 1, 1999, appellant

entered his guilty plea before the trial court. After asking appellant what country he was from and confirming his immigration status, the trial court stated: "Do you know that you can be deported?" Appellant responded, "[y]eah. The judge tell [sic] me that when I first got permit [sic]." The trial court then inquired further and asked, "[d]o you still want to plead guilty?" Appellant responded that he did. The trial court accepted the plea and sentenced appellant to community control.

{¶ 3} Then, in 2006, appellant was again arrested and charged with drug possession. He pleaded guilty to drug possession in 2007 and was sentenced to community control. He received notice of deportation proceedings against him on July 15, 2010.

{¶ 4} Appellant filed a motion to withdraw his 1999 plea arguing that he was improperly advised of the consequences of his plea and asserting that had he been properly informed, he would have gone to trial. The state opposed the motion and a hearing was held. The trial court determined, based on all the facts and circumstances of the case, that appellant subjectively understood the consequences of his plea and that it was the second drug conviction that caused him to be subjected to deportation proceedings, and the motion was denied. Appellant then timely filed the instant appeal.

## I. Law and Analysis

{¶ 5} Appellant assigns one error, which states: "The trial court erred in denying [appellant's] motion to vacate his criminal plea pursuant to R.C. 2943.031."

### A. Withdrawal of Plea Based on
### Collateral Immigration Consequences

{¶ 6} Before a trial court can accept a plea, Crim.R. 11 directs it to engage a defendant to ensure that "'the defendant is making the plea voluntarily,' understands 'the nature of the charges' and 'the maximum penalty' that may ensue, understands 'the effect of the plea,' and understands the rights that he or she is waiving." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶28, quoting Crim.R. 11(C)(2).

{¶ 7} R.C. 2943.031(A) instructs trial courts, prior to accepting pleas from noncitizens, to advise them of three collateral consequences that may occur as a result of a conviction of a felony or misdemeanor, other than a minor misdemeanor. It directs the court to inform the defendant: "'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"

{¶ 8} The statute then goes on to provide a remedy for defective advisements, stating, "[u]pon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty * * * if * * * [(1)] the court fails to provide the defendant the advisement * * *, [(2)] the advisement is required by that division, and [(3)] the defendant shows that he is not a citizen of the United States and [(4)] that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the

United States, or denial of naturalization pursuant to the laws of the United States." R.C. 2943.031(D).

{¶ 9} The Ohio Supreme Court, in *Francis*, found this advisement mandatory, but determined some amount of flexibility was required and held that whether a trial court fulfilled this duty should be reviewed for substantial compliance. Id. at paragraph three of the syllabus. "Substantial compliance denotes that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. In addition, substantial compliance requires the defendant to show that prejudice resulted from the lack of compliance. The test of prejudice queries whether the plea would have been made despite the trial court's failure to substantially comply." (Internal citations omitted.) *State v. Zuniga,* Lake App. Nos. 2003-P-0082 and 2004-P-0002, 2005-Ohio-2078, ¶37.

{¶ 10} The *Francis* court further held that this court reviews the decision of the trial court in granting or accepting a motion to withdraw a plea based on R.C. 2943.031 for an abuse of discretion.

{¶ 11} Appellant's Crim.R. 32.1 motion to withdraw his plea argues that it was not made knowingly, intelligently, and voluntarily because of the trial court's failure to fully inform him about the possible collateral immigration consequences attendant from a drug-related conviction.

{¶ 12} Addressing a similar argument, the *Francis* court specified a number of factors it used in deciding the issue. These included timeliness, prejudice, whether the

movant demonstrated the four requirements for the application of R.C. 2943.031, and the statements of the trial court. We, therefore, must determine if the trial court abused its discretion in denying appellant's motion to withdraw his plea after a full hearing. The question becomes whether appellant subjectively understood the consequences of his plea and whether the plea would have otherwise been made. *Francis* at ¶48.

### a. Applicability of Advisement

{¶ 13} Appellant has satisfied the required elements in R.C. 2943.031(D). A conviction for attempted drug possession is an offense that could lead to removal from the United States.[1] Further, appellant has demonstrated that the advisement given did not strictly comply with R.C. 2943.031 and that such an advisement was necessary because he is a noncitizen.

---

[1] 8 U.S.C.A. 1227(A)(2)(B)(i) lists a conviction involving a controlled substance as an offense that subjects an alien to removal. It states that "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

## b. Timeliness

{¶ 14} The prejudice suffered by the state faced with the task of presenting a case against the movant must also be considered because "[t]he more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." *Francis* at ¶40.

{¶ 15} The state asserts that it would be materially prejudiced by allowing appellant to withdraw his plea because drugs seized during his arrest have been destroyed pursuant to department policy. The destruction of the actual drugs in this case does not preclude conviction, however, because the state still has laboratory records of the quantity and identity of the substance seized from appellant. During the hearing on appellant's motion, the state hesitantly admitted that the laboratory technician who tested the drugs is likely still available to testify. Therefore, trial is not impossible, although the state's case is compromised by a significant passage of time.

{¶ 16} This court and others have held that such delays are not, standing alone, sufficient grounds to deny a motion based on R.C. 2943.031. See *Francis,* supra; *State v. Naoum*, Cuyahoga App. Nos. 91662 and 91663, 2009-Ohio-618; *State v. Abouelhana*, Cuyahoga App. No. 92903, 2009-Ohio-5838 (a 13-year delay between plea and motion to

withdraw did not make the motion untimely); *State v. Schlaf*, Cuyahoga App. No. 90825, 2008-Ohio-6151 (an 11-year delay was adequately explained by appellant's lack of knowledge of the immigration-related consequences of his plea).

{¶ 17} Appellant did not learn of deportation proceedings against him until shortly before filing his motion to withdraw his plea in 2010. Therefore, his motion is not untimely according to prior case law.

### c. Prejudice

{¶ 18} Generally, to prevail on a postsentence Crim.R. 32.1 motion to withdraw a plea, the movant must demonstrate a manifest injustice necessitating withdrawal. However, when that motion is based on a failure to advise noncitizen defendants about adverse immigration consequences, movants do not have to show such manifest injustice, only that they were prejudiced. *Francis* at ¶26.

{¶ 19} In *Naoum*, supra, this court found that giving two of the three advisements was not substantial compliance, even though Naoum waited ten years to seek withdrawal of his plea. However, this court went on to analyze the prejudice to the state and the movant. Naoum was not informed of the possibility that he could be denied naturalization, and that is what occurred. When he applied to become a naturalized citizen, his application was denied based on the prior conviction. Based on all the facts and circumstances in the case, this court determined that the trial court did not substantially comply with the mandate in R.C. 2943.031 and that Naoum was prejudiced by that failure.

{¶ 20} Here, appellant received a significant reduction in charges as part of his plea agreement. The charges were reduced from three felonies to one misdemeanor charge in exchange for the plea. He was also informed of the fact that deportation proceedings may result from the plea. It is also doubtful that the removal proceedings initiated against appellant were brought as a result of this conviction. It was only after appellant's second drug conviction in 2007 that removal proceedings against him commenced. Therefore, appellant has not shown prejudice as a result of the trial court's failure to advise him that he could face exclusion from or not be allowed to become a naturalized citizen of this country.

## II. Conclusion

{¶ 21} The prejudice to the state, the significant benefit received by appellant as part of the plea, and the fact that appellant was not subject to removal proceedings until he received a second drug-related conviction provides substantial evidence that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea after a full hearing. The trial court found that appellant was informed of the possibility of deportation and that those proceedings did not commence until after a second drug conviction. The trial court did not abuse its discretion in so holding.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR