OPINION
{¶ 1} Defendant-appellant, Ricardo Joseph, appeals from a Mahoning County Common Pleas Court judgment denying his motion to vacate his guilty plea to a charge of attempted aggravated trafficking in drugs.
 {¶ 2} On July 26, 2002, a Mahoning County grand jury indicted appellant, a non-citizen, on one count of aggravated trafficking in drugs, a third degree felony in violation of R.C.2925.03(A)(2)(C)(3)(d). Appellant entered a not guilty plea.
 {¶ 3} On October 31, 2002, appellant entered into a plea agreement whereby he pled guilty to an amended charge of attempted aggravated trafficking in drugs, a fourth degree felony in violation of R.C. 2925.03(A)(2)(C)(3)(d) and R.C. 2923.02.
 {¶ 4} The trial court subsequently held a sentencing hearing, sentenced appellant to three years of community control, and fined him $500. On July 29, 2004, at the request of his parole officer, the trial court granted appellant an early discharge from supervision.
 {¶ 5} On March 8, 2005, appellant filed a motion to vacate his guilty plea. He alleged that his counsel was ineffective because counsel never informed him what effect a guilty plea would have on the possibility of his deportation. He also alleged that the trial court erred in failing to properly advise him of such before accepting his plea.
 {¶ 6} The trial court overruled appellant's motion. It concluded that it complied with R.C. 2943.031, which requires that a defendant be informed of the consequences of a guilty plea on immigration issues. Appellant then filed a timely notice of appeal.
 {¶ 7} Appellant raises two assignments of error, the first of which states:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING DEFENDANTA-PPELLANTS [sic.] MOTION TO VACATE GUILTY PLEA BECAUSE DEFENDANT-APPELLANT WAS NOT ORALLY ADVISED OF THE CONSEQUENCES OF DEPORTATION PURSUANT TO O.R.C. § 2943.031."
 {¶ 9} Appellant contends that the trial court erred in denying his motion to vacate his guilty plea because the court did not orally inform him of the consequences of deportation pursuant to R.C. 2943.031 prior to accepting his guilty plea. He asserts that the trial court must give the warning set out in R.C. 2943.031(A) verbatim.
 {¶ 10} At oral argument, plaintiff-appellee, the State of Ohio, politely conceded that the trial court failed to properly advise appellant.
 {¶ 11} Before accepting a defendant's guilty plea to a felony or misdemeanor, the trial court must personally address the defendant in accordance with Crim.R. 11 and inform the defendant of the rights he is waiving by entering a plea. When the defendant is not a citizen of the United States, the trial court must also inform the defendant of the consequences his plea may have on his ability to remain in this country pursuant to R.C.2943.031.
 {¶ 12} R.C. 2943.031 provides, in pertinent part:
 {¶ 13} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 14} "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 {¶ 15} "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
 {¶ 16} "(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:
 {¶ 17} "(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;
 {¶ 18} "(2) The defendant states orally on the record that he is a citizen of the United States.
 {¶ 19} "(C) Except as provided in division (B) of this section, the defendant shall not be required at the time of entering a plea to disclose to the court his legal status in the United States.
 {¶ 20} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 {¶ 21} "(E) In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement."
 {¶ 22} A trial court must set aside a conviction and allow the defendant to withdraw a guilty plea if four requirements are met: "(1) the court failed to provide the advisement described in the statute, (2) the advisement was required to be given, (3) the defendant is not a citizen of the United States, and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws." State v. Weber
(1997), 125 Ohio App.3d 120, 126, 707 N.E.2d 1178. Additionally, the court should consider the timeliness of the motion. State v.Francis, 104 Ohio St.3d 490, 820 N.E.2d 355, 2004-Ohio-6894, at ¶ 40-43.
 {¶ 23} In this case, the trial court did not properly advise appellant of the deportation consequences of his plea.
 {¶ 24} First, a transcript of the plea hearing is not properly in the record. Appellee attached a copy of the plea hearing transcript to its brief in opposition to appellant's motion to vacate his guilty plea. No copy of this transcript was ever properly filed with the trial court or this court. In the absence of a record that demonstrates the court provided the deportation advisement when it was required to do so, we are to presume the defendant did not receive the advisement. R.C.2943.031(E). On this basis alone, we can reverse the trial court's judgment.
 {¶ 25} Even if we examine the improper transcript, the result is the same.
 {¶ 26} In its brief, appellee relies on appellant's statement to the trial court that he is a citizen of the United States as a basis for not requiring the court to give the deportation advisement. The trial court is not required to give the advisement if the defendant states orally on the record that he is a citizen of the United States. R.C. 2943.031(B)(2). In the improper transcript, the court asked appellant: "Are you a citizen of the United States?" Appellant responded: "Yes." (Plea Tr. 7). If this were the end of the citizenship discussion, appellee would be correct. However, a further colloquy immediately followed appellant's answer:
 {¶ 27} "MR. HANNI [appellant's attorney]: You are not a citizen. You have a green card.
 {¶ 28} "THE DEFENDANT: I said that I have a green card.
 {¶ 29} "MR. HANNI: He's not a citizen, Your Honor. Forgive me but my legs are killing me. He's here on a green card which is a work permit from Jamaica.
 {¶ 30} "THE COURT: Does that affect the prosecutor in any fashion?
 {¶ 31} "MR. SARISKY [the prosecutor]: No." (Plea Tr. 7).
 {¶ 32} Thus, the trial court was informed by both appellant and his attorney that appellant was not a citizen but was in this country on a green card. Therefore, the court was still required to give appellant the deportation advisement. It did not do so.
 {¶ 33} The trial court also mentioned that it reviewed the transcript of appellant's sentencing hearing. At the sentencing hearing, the court asked appellant if he had anything to say. Appellant stated, "I'm not running or hiding because, you know, I try to be a good citizen, sir." (Sentencing Tr. 8).
 {¶ 34} R.C. 2943.031(A) specifically requires the court to inform a defendant of his immigration consequences warning priorto accepting a guilty or no contest plea. State v. Lucente,
7th Dist. No. 03-MA-216, 2005-Ohio-1657, at ¶ 45. The sentencing hearing did not occur until three months after appellant entered his guilty plea. Thus, any statements appellant made concerning his citizenship or non-citizenship at the sentencing hearing did not occur prior to the court accepting his guilty plea. Therefore, any claim appellant may have made regarding his citizenship at the sentencing hearing will not be considered. Furthermore, it is likely that appellant was not referring to his citizenship, or lack thereof, when he made the statement set out above. Most likely he was simply telling the court that he was trying to be a good member of society.
 {¶ 35} In this case, the only indication that appellant received the necessary warning is contained in the written plea agreement. It states: "I HEREBY CERTIFY THAT I AM/AM NOT A CITIZEN OF THE UNITED STATES. (IF YOU ARE NOT A CITIZEN OF THE UNITED STATES, YOU ARE HEREY [sic.] ADVISED THAT A CONVICTION FOR AN OFFENSE MAY CARRY WITH IT CERTAIN CONSEQUENCES, PARTICULARLY THE RISK OF DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES." The agreement is signed by appellant.
 {¶ 36} Pursuant to R.C. 2943.031(A), "the court shalladdress the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement." (Emphasis added.) Even though appellant signed a plea agreement that contained the advisement, the court never personally addressed appellant on the record. The Ohio Supreme Court has stated:
 {¶ 37} "We hold that if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C.2943.031(A). `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.'" (Internal citations omitted.) Francis,
104 Ohio St.3d at ¶ 48.
 {¶ 38} Even under the test of substantial compliance, the trial court did not properly advise appellant. This court has held that a written advisement alone cannot constitute substantial compliance with R.C. 2934.031. Lucente, 7th Dist. No. 03-MA-216, at ¶ 39.
 {¶ 39} Based on the above, the trial court erred in failing to grant appellant's motion to vacate his plea. Accordingly, appellant's first assignment of error has merit.
 {¶ 40} Appellant's second assignment of error states:
 {¶ 41} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 42} Here appellant argues that his trial counsel was ineffective. He claims that he received counsel from three different lawyers, none of whom filed a motion to suppress even though the stop and seizure that led to his arrest was questionable and none of whom informed him of any deportation consequences.
 {¶ 43} Given the resolution of appellant's first assignment of error, his second assignment of error is moot since his plea will be vacated and he will start the process anew.
 {¶ 44} For the reasons stated above, the trial court's judgment is hereby reversed, appellant's plea is vacated, and the case is remanded for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J., concurs. See concurring opinion.
Waite, J., concurs.