The STATE of Ohio, Appellee,

v.

ENCARNACION, Appellant.

[Cite as *State v. Encarnacion,* 168 Ohio App.3d 577, 2006-Ohio-4425.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2005–05–120 and CA2005–05–122.

Decided Aug. 28, 2006.

578

Robin N. Piper, Butler County Prosecuting Attorney, and Michael A. Oster Jr., Assistant Prosecuting Attorney, for appellee.

Charles M. Conliff, for appellant.

BRESSLER, Judge.

{¶ 1} Defendant-appellant, Eddy Encarnacion, appeals the decision of the Butler County Court of Common Pleas denying his motion to withdraw a guilty plea. This matter was originally before the court in *State v. Encarnacion,* Butler App. No. CA2003-09-225, 2004-Ohio-7043, 2004 WL 2980594 (*Encarnacion I* ). In *Encarnacion I,* we reversed the judgment of the trial court denying appellant's motion to withdraw his guilty plea, based upon the trial court's failure to substantially comply with the statutory language in R.C. 2943.031(A). Appellant originally pleaded guilty to possession of cocaine, a felony of the first degree, and was to receive an agreed sentence of ten years. The issue of the trial court's failure to comply with R.C. 2943.031(A) was raised for the first time at the appellate level and was not raised before the trial court at appellant's first motion to withdraw his guilty plea. This court found plain error and reversed the judgment of the trial court as a result of the trial court's failure to substantially comply with R.C. 2943.031(A). The case was remanded to the trial court for further proceedings. For the reasons set forth below, we affirm the trial court's order denying appellant's motion to withdraw his guilty plea after a rehearing by the trial court on his motion.

{¶ 2} On August 28, 2002, appellant was indicted for possession of cocaine, a first-degree felony. The grand jury indictment included two specifications: that appellant was a major drug offender and that the cash seized from his possession at the time of the arrest was subject to forfeiture.

{¶ 3} Appellant, a claimed non-United States citizen, was appointed an interpreter in January 2003 to assist in proceedings because appellant's primary language is Spanish. A jury trial began on March 25, 2003. The following day, appellant changed his original plea to guilty. Before accepting his guilty plea, the trial court informed appellant, as provided for by Crim.R. 11, of his rights and the rights he was foregoing by entering a guilty plea.

{¶ 4} The trial court also cautioned appellant that being found guilty could be grounds for his deportation from the United States. During the plea hearing, the following exchange occurred:

{¶ 5} "THE COURT: Sir, you are not a citizen of the United States; is that correct?

{¶ 6} "THE DEFENDANT:[1] No.

{¶ 7} "THE COURT: No, you're not a citizen? Your being found guilty of a felony could be grounds for your deportation after your prison sentence. Do you understand that?

{¶ 8} "THE DEFENDANT: Yes."

{¶ 9} Appellant stated that he understood his rights and signed written plea forms in both English and Spanish. The plea form that defendant signed states, "I understand the consequences of a conviction upon me if I am not a U.S. citizen. I enter this plea voluntarily." The court accepted his guilty plea and reset the matter for sentencing.

{¶ 10} At his scheduled sentencing hearing in June 2003, appellant was appointed substitute counsel. Appellant then moved to withdraw his guilty plea but did not raise the trial court's failure to substantially comply with R.C. 2943.031(A) as a basis for withdrawing his guilty plea. Appellant did not present any evidence or documentation regarding his legal status in this country. On August 11, 2003, the court held a hearing on appellant's motion and denied it. The court then sentenced appellant to the agreed mandatory sentence of ten years in prison and imposed a $10,000 fine. Appellant timely appealed the decision of the trial court.

{¶ 11} In *Encarnacion I,* appellant, in this court, argued for the first time that the trial court did not properly advise him of the possible consequences to his immigration status under R.C. 2943.031[2] prior to entering a guilty plea. On

---

1. Via an interpreter.

2. {¶ a} R.C. 2943.031 states:

{¶ b} "(A) * * * [P]rior to accepting a plea of guilty * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
{¶ c} " 'If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States'
{¶ d} " * * *
{¶ e} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty or not guilty be reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty * * * may result in his being subject

December 22, 2004, five days before this court released its decision in *Encarnacion I*, the Ohio Supreme Court released its decision in *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355. *Francis* addressed the issue of R.C. 2943.031 and specifically considered the standards to apply in ruling on a motion to withdraw a guilty plea based on alleged failure to comply with the statute. In *Encarnacion I*, this court did not address the holdings in *State v. Francis* or its impact on the court's decision. Neither counsel for the state nor appellant submitted supplemental authority based upon *Francis*. No motions for reconsideration were filed with this court.

{¶ 12} A review of the *Francis* decision is necessary and appropriate to the resolution of this appeal.

{¶ 13} In *State v. Francis*, Andrea Marie Francis pleaded guilty to grand theft in March 1993. Francis was sentenced to one year of incarceration, which was suspended, and she was placed on probation and ordered to make restitution. At the time that the court accepted the plea, the following exchange occurred:

{¶ 14} "THE COURT: Where were you born?

{¶ 15} " * * *

{¶ 16} "THE DEFENDANT: Jamaica.

{¶ 17} "THE COURT: Are you a citizen?

{¶ 18} "THE DEFENDANT: No. I'm trying to become one.

{¶ 19} "THE COURT: Do you understand that if you enter a guilty plea to the felony that it would affect your rights in this country?

{¶ 20} "THE DEFENDANT: Yes.

{¶ 21} "THE COURT: Have you gone over that with your lawyers?

{¶ 22} "THE DEFENDANT: Yes."

{¶ 23} The above conversation between the trial court and Francis was the only discussion regarding the effect of Francis's guilty plea on her rights as a noncitizen. She did not appeal the original plea or sentence. On August 7, 2002, over nine years after the plea, Francis moved the trial court under R.C. 2943.031 to vacate her guilty plea. She based the motion on the trial court's alleged failure at the time it accepted her guilty plea to comply with the statute's requirement to warn her of the consequences of a criminal conviction to a noncitizen of the United States.

---

to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 24} In December 2002, the Cuyahoga County Common Pleas Court denied Francis's motion to withdraw her guilty plea through a journal entry with no explanation and without conducting a hearing. The Eighth District Court of Appeals affirmed the denial of appellant's motion to withdraw her guilty plea, finding that the elapsed nine years constituted unreasonable delay. The court of appeals did not consider the R.C. 2943.031 issues raised by Francis regarding the trial court's failure to recite verbatim the language of R.C. 2943.031(A) at her 1993 plea hearing. See *State v. Francis*, Cuyahoga App. No. 82324, 2003-Ohio-4406, 2003 WL 21982934.

{¶ 25} Finding that the trial court's failure to either hold a hearing or to further explain the reasons for denying the motion based upon R.C. 2943.031(A) made appellate review impossible, the Ohio Supreme Court reversed the decision of the court of appeals and remanded the matter to the common pleas court for further proceedings because additional findings were necessary.

{¶ 26} In *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, the Ohio Supreme Court held that a trial court "must give verbatim the warning set forth in R.C. 2943.031(A)" when accepting a guilty or no-contest plea from a defendant who is not a United States citizen. Id. at paragraph one of the syllabus.

{¶ 27} Despite the verbatim requirement, the court stated, "Even though R.C. 2943.031(A) is clear, our precedents uniformly support a substantial-compliance approach in this situation." Id. at ¶ 46.

{¶ 28} Accordingly, the Supreme Court further held the following:

{¶ 29} "We hold that if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A). 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.'" Id. at ¶ 48, quoting *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. The court went on to hold that "[t]his specific determination is another factor that plays a role in the trial court's overall decision on whether to grant the motion." Id.

{¶ 30} The Supreme Court noted that factors to be considered in ruling on a defendant's motion to withdraw a guilty plea under R.C. 2943.031(D) include (1) whether the defendant has met the statutory factors, including that the defendant has shown whether he or she is not a citizen of the United States, and (2) whether

there may be immigration-related consequences from the conviction resulting from the plea. The *Francis* court further found that a defendant must affirmatively demonstrate that he or she is not a citizen of the United States through affidavit or other documentation to prevail on an R.C. 2943.031(D) motion.

{¶ 31} *Francis* was procedurally different from *Encarnacion I*. In the *Francis* matter, the noncompliance under R.C. 2943.031(A) and the relief requested under R.C. 2943.031(D) were presented to the trial court by Francis's motion to withdraw her guilty plea pursuant to the statute. In *Encarnacion I*, none of these issues were presented to the trial court as a basis for Encarnacion's request to withdraw his guilty plea. As set out above, the implications of R.C. 2943.031(A) were initially raised on appeal on a plain-error basis.

{¶ 32} In *Encarnacion I*, this court stated that "the trial court's error prejudiced appellant when it accepted his guilty plea which was made only after a partial notification of the consequences to which he was exposed." *Encarnacion I* at ¶ 31. We stated that "there was plain error when the trial court denied appellant's motion to withdraw his guilty plea and sustain appellant's second assignment of error. As such, appellant's first and third assignments of error are rendered moot. Judgment reversed and cause remanded." Id. at ¶ 32.

{¶ 33} Admittedly, the instructions to the trial court on the remand were not a model of clarity. The trial court had never been given the opportunity to consider the findings required by *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, since the issue had not been raised at the time of appellant's original motion to withdraw his guilty plea. However, at the time of the remand, the Ohio Supreme Court had decided *State v. Francis*. In *State v. Francis*, the immigration advisement given to the appellant was significantly less detailed than the advisement given to appellant in this case. The Ohio Supreme Court remanded the *Francis* matter to the *trial court* for further proceedings, holding that the trial court's decision based upon those proceedings would be reviewed on an abuse-of-discretion standard.

{¶ 34} On remand in the present case, the trial court held a hearing on April 5, 2005, on appellant's motion to withdraw his guilty plea pursuant to R.C. 2943.031(D), properly applying *Francis*. This court's remand did not direct the trial court to allow appellant to withdraw his guilty plea. The case was remanded for further proceedings consistent with this court's opinion.

{¶ 35} This court in *Encarnacion I* applied a plain-error standard. We found prejudice as a result of the trial court's failure to substantially comply with R.C. 2943.031(A). Pursuant to *Francis*, that holding was erroneous and is therefore vacated. Based upon *Francis*, our finding of plain error was not supported by the record.

{¶ 36} In an abundance of caution, the original trial judge who had accepted appellant's guilty plea transferred the matter to another trial judge in order to conduct the hearing on the issues raised in this court under R.C. 2943.031(A). At the 2943.031(D) hearing conducted on April 5, 2005, the following took place:

{¶ 37} "THE COURT: Now, so the record is clear, the matter was referred to the Court by Judge Oney, who is the assigned trial court judge. She felt that since there was a question of fact which involved her own soliloquy with the defendant, that it was necessary that an outside judge or disinterested judge hear the facts of the case and make a factual determination of that limited issue only.

{¶ 38} "In other words, I want to make sure, Mr. Reyes,[3] that you understand this Court has not assumed jurisdiction of the entire case. It has simply agreed to hear the limited issue as to whether or not there was compliance with Section 2943.031(A) of the Ohio Revised Code, which was the issue that the court of appeals in its decision addressed, okay. Do you understand that, Mr. Reyes?

{¶ 39} "MR. REYES: Yes, your Honor, I do.

{¶ 40} "THE COURT: Okay, I assume you have no objection to proceeding in the manner in which we're proceeding?

{¶ 41} "MR. REYES: No, your Honor. That's perfectly fine."

{¶ 42} At the April 5 hearing, appellant presented no evidence, nor did the state. However, the state did point out to the court that appellant had not filed any affidavits with his motion and that the record was devoid of any evidence to support appellant's motion.

{¶ 43} The court applied the law and standards set out by the Ohio Supreme Court in *Francis* and considered the memorandum filed by appellant as well as arguments by appellant and the state during the April 5 hearing. In its decision, the trial court stated:

{¶ 44} "This court believes that the defendant has to show that he was prejudiced by the court's failure to properly read him the verbatim warnings stated in R.C. 2943.031(A). As stated, the *Francis* test is whether the plea would have otherwise been made. Appellant has presented the court with no testimony or evidence either from himself or from his four prior attorneys that the assigned trial court's failure to warn him of his immigration status affected his plea or prejudiced the bargain he received at the time he entered the plea. The court therefore finds that the original trial court complied with *State v. Francis*."

{¶ 45} The trial court accordingly denied appellant's motion to withdraw his guilty plea. Appellant appeals this decision, raising four assignments of error.

---

3. Reyes was counsel for appellant at this hearing.

{¶ 46} Assignment of error No. 1:

{¶ 47} "The trial court erred to the prejudice of appellant by ignoring an appellate court directive reversing his conviction and remanding the issue for a new trial."

{¶ 48} Appellant argues in his first assignment of error that the trial court erred when, upon remand, it held a hearing to determine whether it substantially complied with R.C. 2943.031. He argues that this court, in *Encarnacion I*, ordered a new trial for appellant.

{¶ 49} As a general rule, a court speaks only through its journal. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 6, citing *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907. The judgment entry from *Encarnacion I* states the following:

{¶ 50} "The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and consistent with the Opinion filed the same date [as] this Judgment Entry."

{¶ 51} This court reversed the trial court's order denying appellant's motion to withdraw his guilty plea. Contrary to appellant's assertion, the judgment entry did not order a new trial but rather "further proceedings according to law." We find that the trial court's hearing based upon our remand and based upon the law existing at the time of the remand, namely, *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, was consistent with the remand issued by this court and was properly conducted pursuant to *State v. Francis*. Accordingly, the first assignment of error is overruled.

{¶ 52} Assignment of error No. 2:

{¶ 53} "The trial court erred to the prejudice of appellant by finding that a decision of the Ohio Supreme Court was an intervening decision."

{¶ 54} In the second assignment of error, appellant argues that the trial court erred when it relied upon *State v. Francis*. Appellant alleges that under the law-of-the-case doctrine, *Encarnacion I* should be controlling.

{¶ 55} The law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410. The rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *Hopkins v. Dyer*, 104 Ohio St.3d 461,

2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, citing *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343. The law of the case is considered a rule of practice, not a binding rule of substantive law. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781.

{¶ 56} When, upon remand, a trial court is confronted with substantially the same facts and issues as were involved in a prior appeal, the trial court is bound to adhere to the appellate court's determination of the applicable law. *Nolan,* 11 Ohio St.3d at 3, 11 OBR 1, 462 N.E.2d 410. However, an intervening change of law by a controlling authority creates an exception to the applicability of the law-of-the-case doctrine. *Hopkins,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 23. The intervening decision must state a rule of law in conflict with the appellate court's decision. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 183, 652 N.E.2d 742.

{¶ 57} We find that the trial court properly conducted proceedings according to the law as set out in *State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, an intervening decision. The Ohio Supreme Court provided a roadmap for the proper application of R.C. 2943.031. As described above, the trial court must first be given the opportunity to exercise its discretion determining whether there was substantial compliance under the statute. This discretion refers to the trial court's decisions regarding whether the R.C. 2943.031(D) elements have been established, the timeliness of defendant's motion, and whether the defendant was prejudiced by the court's alleged failure to comply with R.C. 2943.031(A). Id. at ¶ 34. Only after a trial court's hearing or some reasons for denial are entered upon the record can an appellate court properly review the decision under an abuse-of-discretion standard.

{¶ 58} In this case, the trial court did not err, nor did it depart from the law of the case, because the trial court was not confronted with the same facts and issues as were involved in the prior appeal. The trial court was not initially presented with an opportunity to review appellant's motion to withdraw his guilty plea based upon R.C. 2943.031(D) because appellant did not raise the immigration-consequences issue until his appeal in *Encarnacion I.* Upon remand, the trial court addressed this issue for the first time and followed the procedures in accordance with *Francis* and R.C. 2943.031.

{¶ 59} Furthermore, the trial court did not abuse its discretion when it denied the motion to withdraw. The trial court found that appellant did not demonstrate that he was prejudiced by the failure to receive the complete warning. With respect to the possible deportation consequence, appellant was informed of the possibility that his conviction could result in deportation. He told

the trial court that he understood that he could be deported as a result of the conviction and then entered his plea.

{¶ 60} With respect to the possible consequences of which appellant was not informed, specifically the exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States, appellant failed to show that he was in any way prejudiced by the trial court's failure to inform him of the complete consequences of the guilty plea. No testimony or affidavits were produced to indicate that he would have pleaded otherwise had he been notified that he might be refused admission to the United States or that he could be denied future United States citizenship. In fact, appellant presented no evidence to demonstrate that he had any desire or need to seek readmission should he be deported, nor was any evidence produced that suggested appellant was applying or might in the future apply for United States citizenship.

{¶ 61} Finally, appellant did not provide to the court, by affidavit or otherwise, any evidence that he is not a citizen of the United States. As the Ohio Supreme Court noted in *Francis,* holding a hearing or revealing the reasons for denial are important for appellate review. *Francis* at ¶ 49–57. In this case, appellant failed to demonstrate that he satisfied the statutory factors that would entitle him to withdraw his plea.

{¶ 62} Accordingly, the second assignment of error is overruled.

{¶ 63} Assignment of error No. 3:

{¶ 64} "The trial court committed plain error by failing to dismiss appellant's indictment for the state's violation of the speedy trial provisions of the Ohio Constitution."

{¶ 65} In the third assignment of error, appellant argues that his right to a speedy trial as provided by the Ohio Constitution was violated. Appellant bases the allegation on the fact that he was originally arrested on July 25, 2002. He alleges that the trial court unreasonably delayed a new trial after *Encarnacion I* in December 2004.

{¶ 66} In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the United States Supreme Court set out a balancing test to determine whether a defendant has been deprived of his constitutional right to a speedy trial. A court should weigh the length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant caused by the delay in deciding whether the right has been violated. The initial consideration is that of the specific delay occasioned by the state. Until there is some presumptively prejudicial delay, there is no necessity for inquiry into the other factors. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 10, 516 N.E.2d 218, citing *Barker,* 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶ 67} We first note that appellant signed a time waiver on February 7, 2003. Appellant has at no point rescinded this waiver. Furthermore, as previously discussed in the first and second assignments of error, appellant was not entitled to a new trial. *Encarnacion I* remanded the cause to the trial court for further proceedings on December 27, 2004. On February 28, 2005, the trial court began conducting hearings to determine whether appellant's motion to withdraw his guilty plea should be granted. The motion was properly denied.

{¶ 68} Any uncertainty as to appellant's sentence has been exclusively occasioned by appellant's own actions. Appellant originally sought to withdraw his guilty plea in August 2003. He appealed the trial court's judgment denying the motion. He prevailed on his appeal, but no new trial was ever ordered. Thus, there can be no delay or deprivation of his speedy-trial right. Accordingly, the third assignment of error is overruled.

{¶ 69} Assignment of error No. 4:

{¶ 70} "Appellant's due process right to legal counsel was prejudiced to [sic] the ineffective assistance of counsel."

{¶ 71} In the fourth assignment of error, appellant argues that he received ineffective assistance of counsel. Appellant alleges that trial counsel improperly relied on the Ohio Supreme Court's *Francis* decision as an intervening decision and thus an exception to the law-of-the-case doctrine. Appellant further argues that trial counsel failed to raise the alleged violation of his speedy-trial right.

{¶ 72} The reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. First, a defendant must show that counsel's performance was deficient. In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. Second, a defendant must show that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland* at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 In order to show prejudice, the defendant must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Conway,* supra, at ¶ 95, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373.

{¶ 73} We find that appellant's ineffective-assistance argument fails to satisfy the first prong of the *Strickland* analysis. Trial counsel provided reasonable representation and did not commit any error. The reliance upon the Ohio Supreme Court's decision in *State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at the motion-to-withdraw hearing was proper. Likewise, trial

counsel did not err by failing to raise a speedy-trial objection because there was no violation of appellant's speedy-trial right. We find that appellant received effective assistance from his trial counsel. The fourth assignment of error is overruled.

{¶ 74} The judgment is affirmed.

Judgment affirmed.

POWELL, P.J., concurs.

WALSH, J., concurs separately.

WALSH, Judge, concurring separately.

{¶ 75} Although I agree with the majority's ultimate resolution of this case, I write separately because I feel that the majority's opinion does not completely address the issue of substantial compliance as it relates to R.C. 2943.031(A).

{¶ 76} In *Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, the Ohio Supreme Court initially determined that when a trial court accepts a guilty plea from a noncitizen defendant, a "verbatim" recitation of the advisement set forth in R.C. 2943.031(A) is required. Id., at paragraph one of the syllabus. Despite this determination, the court rejected a strict-compliance standard and instead adopted a substantial-compliance standard. Id. at ¶ 46. The court noted that "the issue regarding substantial compliance in these cases is not, in hindsight, what warning should have been provided, but rather, given the current situation, what standard should apply in evaluating the motion to withdraw the plea." Id. Substantial compliance denotes that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at ¶ 48; *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 396 N.E.2d 757.

{¶ 77} R.C. 2943.031(A) requires that the trial court notify a noncitizen defendant that conviction of the offense to which the defendant is pleading guilty may have three specific consequences. Namely, conviction may result (1) in deportation, (2) in exclusion from admission to the United States, and (3) in denial of naturalization pursuant to the laws of the United States.

{¶ 78} In order to substantially comply with the statute's requirements, the trial court must provide the defendant with the three foregoing advisements. While the trial court does not have to recite the statute word for word, it must correctly inform the defendant of the substance of the specific consequences set forth in the statute in order for the advisement to be meaningful. "In that way,

the trial court ensures that the defendant receives the warning in open court in a meaningful manner and that the defendant understands the prospect of deportation, exclusion from the United States, or denial of naturalization if he pleads guilty. *This is the very definition of substantial compliance."* (Emphasis added.) *State v. Yanez,* 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, ¶ 33.

{¶ 79} In the present matter, the trial court advised appellant only that his conviction "could be grounds for deportation." This singular advisement did not inform appellant of all "the rights he is waiving." See *Francis,* supra, at ¶ 48. The trial court simply did not communicate to appellant that his conviction could further result in "exclusion from admission to the United States" or "denial of naturalization." As a result, the trial court did not substantially comply with R.C. 2943.031(A). See *Yanez,* 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146.

{¶ 80} Nevertheless, I agree with the majority's resolution of this case. Because this court reviews a trial court's ruling on a motion to withdraw a guilty plea under an abuse-of-discretion standard, the trial court's failure to provide the defendant with a verbatim recitation of the statute is not alone grounds for setting aside a guilty plea.[4] In order to prevail on his claim, appellant must demonstrate that prejudice resulted from the lack of compliance. *Francis,* supra, at ¶ 48; *State v. Johnson* (1988), 40 Ohio St.3d 130, 134, 532 N.E.2d 1295. The test of prejudice queries whether the plea would have been made despite the trial court's failure to substantially comply. Id.

{¶ 81} As noted by the majority, appellant failed to present any evidence indicating that he would not have entered a guilty plea had the trial court substantially complied with R.C. 2943.031(A), and therefore he cannot demonstrate prejudice. As well, appellant's citizenship status cannot be ascertained from the record before us. Appellant offered no documentary evidence on the issue. The manner in which the trial court questioned appellant about his status as a citizen was confusing and led to an answer that suggests that he is a United States citizen; the trial court's attempt to clarify appellant's answer resulted in further ambiguity.

{¶ 82} Consequently, I agree with the majority that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

---

4. As the majority notes, the failure to substantially comply with R.C. 2943.031(A) does not constitute plain error, and I also note that it does not constitute structural error. The failure to provide the statutory advisement is not "a constitutional defect that affects the framework within which the trial proceeds." See *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17.