OPINION
{¶ 1} Defendant-appellant Tariq I. Khan appeals from the trial court's denial of his motion to withdraw his no-contest plea to Trademark Counterfeiting. Kahn contends that the trial court was required, by R.C.2943.031(D) to grant his motion, because the trial court did not substantially comply with the requirement, in R.C. 2943.031(A), that it *Page 2 
advise Khan of the possible consequences of his plea with regard to deportation, exclusion, or naturalization. He also contends that the issue of the timeliness of his motion was not sufficiently developed, factually, to permit the trial court's finding that it was untimely. We agree. Consequently, the order of the trial court denying Khan's motion to withdraw his plea is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 2} In September, 2001, on the day set for the final pre-trial conference, Khan tendered a plea of no-contest to one count of Trademark Counterfeiting, a felony of the third degree. During the plea hearing, the following colloquy occurred:
 {¶ 3} "THE COURT: I also understand that you are not a United States citizen.
 {¶ 4} "THE DEFENDANT: Yes.
 {¶ 5} "THE COURT: There may be implications through the Immigration and Naturalization Department [sic]. Do you understand that?
 {¶ 6} "THE DEFENDANT: Yes."
 {¶ 7} The trial court then elicited a recitation of facts from the State, had Khan state his plea of no contest for the record, and the following colloquy then occurred:
 {¶ 8} "THE COURT: I am handing you an entry of waiver and plea on indictment form. If you understand what's on it, and this is what we have gone over, and if this is your voluntary plea, I want you to sign it. If you have any questions, ask me before you sign it. Okay?
 {¶ 9} "MR. GUMP [representing Khan]: The state is not opposed to community control. And Mr. Khan has contacted and been in touch with his INS agent, attorney, not *Page 3 
myself as it relates to that issue."
 {¶ 10} Whereupon the plea was accepted, and Khan was found guilty. Khan was subsequently sentenced to five years of community control sanctions, from which he was successfully terminated in 2003.
 {¶ 11} In September, 2005, Khan filed a "Motion to Vacate and/or Set Aside the Judgments and Sentences of the Court." He relied, in part, upon R.C. 2943.031, contending that the trial court failed to give the advisement prescribed by R.C. 2943.031(A) before accepting his no-contest plea.
 {¶ 12} The trial court denied Khan's motion, without a hearing. The trial court noted that substantial compliance with the requirement of the advisement prescribed by R.C. 2943.031(A) is sufficient underState v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894,]}48. The trial court found that it had substantially complied with the requirement of R.C. 2943.031(A):
 {¶ 13} "While the Court acknowledges that the precise wording of O.R.C. Section 2943.031 was not used at Defendant's plea and may not have been read verbatim at his sentencing, the Court finds that Defendant was aware that he could be deported as a result of his plea and, thus, there was substantial compliance with the statute. First of all, Defendant's contention that he was unaware of the potential consequences of his guilty plea is contrary to the memory of both the State and the Court. The Court has reviewed its file and the transcript of Defendant's plea. Unfortunately, the Court has repeatedly requested, but has yet to receive, a transcript from the retired court reporter of Defendant's sentencing. However, the Court remembers vividly that Defendant's attorney negotiated a plea with the State [the record reflects that Khan pled no contest *Page 4 
as charged — that is, there was no reduction of the charge] with the goal that it would have minimal effect on Defendant's status with the United States . . . Immigration and Naturalization [Service] (`INS') [now known as U. S. Citizenship and Immigration Services]. The Court recollects that the INS was contacted by Defendant's attorney in this proceeding and that Defendant had an INS attorney in Michigan.
 {¶ 14} ". . . .
 {¶ 15} "In the weeks that followed September 11, 2001, the Court became increasingly cognizant of the issues surrounding the immigration status of noncitizen defendants. Although the Court was unable to review the transcript of the sentencing, it recollects that it made additional statements to Defendant regarding the consequences of his plea at that time. While the Court cannot get a copy of the sentencing transcript and cannot remember what was said on the record at that time, the Court remembers clearly that at all times during the negotiations, plea and sentencing, the Defendant's immigration status was central to all discussions.
 {¶ 16} "Finally, the Court points out that Defendant waited four years following his plea and more than one year after he was terminated from probation to move to withdraw his plea. The majority in State v.Francis, supra, held that a trial court may consider the timeliness of the motion when deciding whether a plea should be vacated under O.R.C. Section 2943.031(D). The Court finds a four year gap between the plea and Defendant's motion to be untimely.
 {¶ 17} "Based on the foregoing, the Court does not find Defendant's claim that he was unaware of the consequences of his plea on September 11, 2001 [sic, the plea was taken on September 12, 2001] to be credible. Further, the Court finds that it *Page 5 
substantially complied with the requirements of O.R.C. Section2943.031(A), and Defendant's motion four years after the plea is untimely."
 {¶ 18} Khan appeals from the denial of his motion to vacate or set aside the judgment of the trial court.
 II {¶ 19} Khan's first three assignments of error are all identically worded, as follows:
 {¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. KAHN'S [sic] MOTION FOR LEAVE TO WITHDRAW HIS PLEA OF NO CONTEST PURSUANT TO R.C. § 2943.031"
 {¶ 21} Khan's remaining three assignments of error are as follows:
 {¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. KAHN'S [sic] MOTION FOR LEAVE TO WITHDRAW HIS PLEA OF NO CONTEST ON THE BASIS THAT THE MOTION WAS `UNTIMELY.'
 {¶ 23} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. KAHN'S [sic] MOTION FOR LEAVE TO WITHDRAW HIS PLEA OF NO CONTEST PURSUANT TO CRIM. R. 32.1.
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT DENIED MR. KAHN'S [sic] MOTION FOR LEAVE TO WITHDRAW HIS PLEA OF NO CONTEST BECAUSE THAT PLEA WAS NOT ENTERED KNOWINGLY AND VOLUNTARILY AS REQUIRED BY THE SIXTH AMENDMENT."
 {¶ 25} Although Khan frames his appeal with six assignments of error, he essentially raises two arguments: (1) that the trial court erred in finding substantial *Page 6 
compliance; and (2) that the trial court erred in finding that his motion was untimely.
 A — The Trial Court Was Not in Substantial Compliance with R.C. 2943.031(A). {¶ 26} R.C. 2943.031(A) requires a trial court, before accepting a plea of guilty or no contest to a felony, to "address the defendant personally," "provide the following advisement to the defendant," "and determine that the defendant understands the advisement:
 {¶ 27} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 28} R.C. 2943.031(D) provides the remedy for non-compliance with this requirement:
 {¶ 29} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 30} The record demonstrates that the trial court failed to provide the *Page 7 
advisement prescribed in R.C. 2943.031(D), the State does not dispute Khan's contention that he is not a citizen of the United States, and Khan has submitted, as an attachment to his affidavit in support of his motion, a letter from U.S. Citizenship and Immigration Services, dated August 18, 2005, less than a month before the filing of his motion, indicating that he is inadmissible to the United States as a result of his conviction of a crime involving moral turpitude in the State of Ohio on September 12, 2001, the date he pled no contest to the offense in this case. Thus, Khan has demonstrated the existence of all the conditions prescribed by R.C. 2943.031 (D) for the relief he is requesting.
 {¶ 31} Despite the clarity of R.C. 2943.031(D), the Ohio Supreme Court, in State v. Francis, has imposed two additional conditions that a defendant must satisfy before he may obtain the relief mandated by the statute. The defendant must demonstrate that the trial court failed to comply substantially with the requirement of the advisement prescribed by R.C. 2943.031(A), and his request for relief must be timely. In that case, the Supreme Court found that the record was too sparse, the trial court having denied the motion with little reasoning and no hearing, to permit a conclusion on appeal with respect to either the substantial compliance issue or the timeliness issue.
 {¶ 32} The State cites four cases on the issue of substantial compliance, two of which found substantial compliance, and two of which did not. In State v. Encarnacion, 2006-Ohio-4425, Butler App. Nos. CA 2005-05-120 and CA 2005-05-122, the 12th Appellate District Court of Appeals held that there was substantial compliance where the defendant "was informed of the possibility that his conviction could result in deportation" and the defendant "told the trial court that he understood that he could be deported as a *Page 8 
result of the conviction and then entered his plea." Id., at]}59. InState v. Pineda, 2005-Ohio-6386, Cuyahoga App. No. 86116, the 8th Appellate District Court of Appeals held there was substantial compliance where the trial court had advised the defendant that "the information about this conviction would be sent to the immigration department and they could begin a proceeding to have you excluded" and that "the immigration department could move to have you deported." Id., at]}30.
 {¶ 33} Based on the record in the case before us, we find nothing comparable to the circumstances found in these two cases to have constituted substantial compliance. Khan was not advised that he could be deported as a result of his plea, just that "there may be implications through the Immigration and Naturalization Department."
 {¶ 34} The first of the two cases cited by the State in which substantial compliance was not found is State v. Joseph, 2006-Ohio-1057, Mahoning App. No. 05-MA-82. In that case, a warning was contained in the written plea agreement, but was not provided to the defendant as part of the personal address required of the trial court. The second of these cases is State v. Zuniga, 2005-Ohio-2078, Lake App. Nos. 2003-P-0082 and 2004-P-0002, in which the 11th Appellate District Court of Appeals held insufficient a warning that: "as a result of pleading guilty to a felony . . . you could be deported." Id., at ¶¶ 42-43. We find the first of these cases to be inapplicable, since the case before us does not involve, or apparently include, a written plea form. We find the second of these cases difficult to reconcile with theEncarnacion and Pineda cases cited above, where mention of the possibility of deportation, as a result of the plea, was found to have been sufficient.
 {¶ 35} In the case before us, the trial court expressed its frustration at its inability *Page 9 
to obtain a transcript of the sentencing hearing, during which it was convinced the possible impact of this conviction on Khan's visa status was discussed. We, also, have no transcript of the sentencing hearing, and cannot, therefore, base our conclusion upon anything that allegedly transpired therein. We note that R.C. 2943.031(A) requires the advisement, and the trial court's ascertainment that the defendant understands the possible consequences, before the taking of the plea. Therefore, we question whether anything that may have transpired at the sentencing hearing may have relevance for the substantial compliance issue, although it might be relevant to the timeliness issue.
 {¶ 36} We conclude, based upon the record, that the trial court did not substantially comply with the requirement of giving the advisement prescribed by R.C. 2943.031(A) and determining that Khan understood the advisement, before accepting Khan's plea. Therefore, the trial court did not properly rely upon substantial compliance as a basis for denying Khan's motion to withdraw his plea.
 B — The Timeliness of Khan's Motion Cannot Be Determined Upon This Record. {¶ 37} There was no hearing on Khan's motion. His motion was filed almost exactly four years after his plea was tendered and accepted, and the trial court summarily found this to have been untimely, without any particular reasoning.
 {¶ 38} That even a substantial delay, of years, in the filing of a motion to withdraw a plea pursuant to R.C. 2943.031(D) is not a per se disqualification is evident from the holding in State v. Francis, supra, at]}42:
 {¶ 39} "Depending on the particular facts, untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw. On the other hand, in *Page 10 
some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered. This is not a situation that requires a bright-line rule. As one of many factors underlying the trial court's exercise of discretion in considering the motion to withdraw, timeliness of the motion will be of different importance in each case, depending on the specific facts."
 {¶ 40} The Ohio Supreme Court did not determine whether the motion in that case was untimely, regarding the record as too sparse to permit a determination, but remanded the cause to the trial court for further proceedings to illuminate this factual issue (as well as the issue of substantial compliance, in that case). Likewise, we conclude that the record in this case is too sparse to permit a determination, on appellate review, whether Khan's motion is untimely. The untimeliness issue appears to have been an afterthought by both the State and the trial court. The State did not develop any record concerning the staleness of the evidence. Khan did present, with his affidavit, in support of his motion, a letter from U.S. Citizenship and Immigration Services, dated less than a month before his motion, stating that his conviction in this case rendered him inadmissible to the United States, thereby suggesting that Khan only realized, upon his receipt of this letter, that his conviction had adverse consequences to his admissibility.
 {¶ 41} We conclude only that this record does not permit a finding that Khan's motion is untimely. Upon remand, the trial court should invite the parties to address this issue and develop an appropriate factual record. *Page 11 
 III {¶ 42} Because we conclude that: (1) the trial court did not substantially comply with the requirement, in R.C. 2943.031(A), that Khan be advised of the possible immigration consequences of his pleaand that Khan understood the advisement; and (2) the record is too sparse to permit us to determine the timeliness issue, Khan's assignments of error are sustained in part and overruled in part, the order of the trial court denying his motion to withdraw his plea is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 BROGAN and DONOVAN, JJ., concur. *Page 1